UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 3:19-cr-00062 |
| v. ) | |
| ) | SENTENCING MEMORANDUM |
| MICHAEL ALAN WHITE, ) | |
| ) | |
| Defendant. ) | |

The government, by and through the undersigned Assistant United States Attorney, files this sentencing memorandum in anticipation of the sentencing hearing currently set for December 22, 2020, at 2:45 p.m.

**TABLE OF CONTENTS**

I.   BACKGROUND ................................................................................................................ 1
II.  SENTENCING CALCULATION ..................................................................................... 2
III. GOVERNMENT'S RECOMMENDATION .................................................................... 2

**I.   BACKGROUND**

On August 6, 2019, a two-count Indictment was filed charging Michael Alan White with Receipt of Child Pornography (Count One); and Possession of Child Pornography (Count Two). (Final Presentence Report, hereinafter "PSR," ECF 57, ¶ 1.) On March 13, 2020, the defendant pled guilty to Count One of the two-count Indictment. (PSR ¶ 2.) On March 30, 2020, the Court accepted the defendant's plea and adjudicated him guilty. *Id*. Pursuant to the written plea agreement, the government agreed to dismiss Count Two at sentencing. (PSR ¶ 3.)  Pursuant to a written plea agreement, the government agreed to a three-level reduction for acceptance of responsibility. (PSR ¶ 4.)

1

The government did not file an objection to the PSR. (ECF 50.) The defendant filed an objection to the PSR, however, the defendant will be withdrawing this objection. (ECF 55.) The parties have agreed that a sentence of 144 months imprisonment will be sufficient but not greater than necessary to meet all the sentencing goals. Additionally, the defendant will agree to pay restitution in the amount of $5,000 per victim requesting restitution.

## II.   SENTENCING CALCULATION

In the presentence report paragraphs 31-44 and 126, the defendant's guideline range was calculated as follows:

| | |
|---|---|
| USSG §2G2.2(a)(2) | 22 |
| USSG §2G2.2(b)(2) | +2 |
| USSG §2G2.2(b)(3)(F) | +2 |
| USSG §2G2.2(b)(4)(A) | +4 |
| USSG §2G2.2(b)(6) | +2 |
| USSG §2G2.2(b)(7)(D) | +5 |
| Acceptance | -3 |
| Total Offense Level | 34 |
| Criminal History Category | III |
| Guideline Sentencing Range: | 188 to 235 months |

## III.   GOVERNMENT'S RECOMMENDATION

The sentencing statutes inform this Court that it must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal

conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2).  The Court, in determining the particular sentence to be imposed, shall also consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1).  The sentence must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

The government will ask the District Court to find a final advisory guideline range of Level 34/Criminal History category III – 188-235 months.  The parties will jointly recommend a sentence of 144 months imprisonment.

This case involved an undercover officer downloading files from defendant's BitTorrent peer-to-peer file sharing program. These files included child pornography. The case is a bit limited in information because the agents were only able to get into one electronic device. The defendant was not honest with agents indicating that he did not know what torrents were and did no download child pornography. The evidence clearly shows that he did download, share and possess a number of child pornography images and videos.

One stark difference between this defendant and other child pornographers we typically see in this court due to the repetitive criminal history of the defendant. The history shows drug use and assaultive behavior. This criminal history is an aggravating factor the court should consider.

The above, plus some mitigation in the PSR, particularly his mental health issues, is what brought the parties to suggest as an adequate sentence of 144 months for this defendant. This takes into consideration all the sentencing factors that the court must consider.

WHEREFORE, the government prays the District Court consider this sentencing memorandum in determining the final sentence of this defendant.

Respectfully submitted,

Marc Krickbaum
United States Attorney

By: */s/ Melisa K. Zaehringer*
Melisa K. Zaehringer
Assistant United States Attorney
U.S. Courthouse
131 E. Fourth Street, Suite 310
Davenport, Iowa 52801
Tel: (563) 449-5426
Fax: (563) 449-5433
Email: melisa.zaehringer@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2020, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:   X   ECF/Electronic filing
UNITED STATES ATTORNEY
By: */s/ Melisa K. Zaehringer*
    Assistant U.S. Attorney